UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MICHAEL MCKINNEY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:08 CV 128 JM |
| | ) | |
| GRANT COUNTY JAIL, *el al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Michael McKinney, a prisoner confined at the Grant County Jail, filed a complaint in the Grant Circuit Court, raising state law claims and suggesting that he was pursuing federal law claims as well. The defendants removed the complaint to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Because McKinney is a prisoner as defined in § 1915A(c) and the defendants he seeks redress from are governmental entities or officials, § 1915A requires the court to screen his complaint, even though he originally filed it in state court.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual

allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

In paragraphs five and six of his complaint, McKinney alleges that on April 14, 2006, he was an inmate at the Grant County Jail and was placed on a work detail in the kitchen. He further asserts that a dangerous condition existed at the jail, that the Sheriff and/or his agents should have known of the condition, yet they failed to take corrective action. (Complaint at ¶ 7). McKinney alleges that an unnamed jail employee instructed him to "reset an electrical breaker which controlled the service elevator to the Grant County Jail kitchen." (Complaint at ¶ 9). He states that he "attempted to reset the breaker and was severely electrocuted and violently thrown to the ground." (Complaint at ¶ 10). As a result of the severe shock he received, Mc Kinney maintains he "continues to suffer complications to his heart, chest pain, shortness of breath and headaches due to his electrocution at the Grant County Jail . . .." (Complaint at ¶ 13). He also alleges that jail employees delayed his examination and treatment after his injury (Complaint at ¶ 11), and that they were negligent in administering medication prescribed to deal with his condition. (Complaint at ¶ 21). McKinney names Grant County Sheriff, Otis Archey, Grant County, and the Grant County Jail as defendants.

McKinney's complaint is primarily a state law negligence claim, asserting that "the Grant County Sheriff and Grant County Sheriff's Department breached their duty of care to a prisoner, thereby being guilty of negligence under a State Court Claim pursuant to I.C. 34-13-3-1 et seq." (Complaint at ¶ 31). But he also asserts that Sheriff Archey and his employees "were acting under color of [State] Law" (Complaint at ¶ 33),

3

suggesting that he also intended to pursue federal law claims against the defendants. Accordingly, the defendants removed the complaint to this court pursuant to 28 U.S.C. §§ 1441 and 1446, which provide that a defendant may remove a complaint containing federal law claims from state court.

Prisoners' work assignments are conditions of confinement under the Eighth Amendment. *See Powers v. Snyder*, 484 F. 3d 929 (7th Cir. 2007) (requiring prisoner to work at job that required walking and lifting prison officials refused prisoner walking cane despite arthritis in hip); *Bagola v. Kindt*, 131 F 3d 632 (7th Cir. 1997) (recognizing need for *Bivens* remedy where statutory workers compensation scheme inadequate to address prisoner work-related injury claims that constitute Eighth Amendment violations). The Eighth Amendment "forbids knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful."*Ambrose v. Young*, 474 F 3d 107-0 (8th Cir. 2007) *citing Sanchez v. Taggart*, 144 F.3d 1154, 1156 (8th Cir. 1998).

Accordingly, the Court must analyze McKinney's claims under the Eighth Amendment's prohibition against the infliction of "cruel and unusual punishment." *Wilson v. Seiter*, 501 U.S. 294 (1991). *Wilson* establishes that the Court must apply both an objective and a subjective test to determine whether specified conditions of confinement violate the Eighth Amendment. To provide an arguable basis for his claim, McKinney must allege that each "official knows of and disregards an excessive risk to inmate safety."*See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

4

The question of the defendants' culpability is subjective, but the risk involved is evaluated on an objective basis. The objective test asks whether the alleged deprivation is sufficiently serious or grave to be an Eighth Amendment violation. The courts have subjected various dangerous working conditions to constitutional scrutiny. Cf. *Hall v. Bennett*, 379 F.3d 462, 464-65 (7th Cir. 2004) (risk of electrocution from working on live 400-volt line without protective gloves); *Bagola v. Kindt*, 39 F.3d 779, 780 (7th Cir.1994) (risk of amputation from dangerous machinery); *See also Christopher v. Buss*, 384 F.3d 879, 882-83 (7th Cir. 2004) (collecting cases); *Fruit v. Norris*, 905 F.2d 1147, 1150-51 (8th Cir. 1990) (exposure without protective gear to raw sewage inside a well with temperatures reaching 125 degrees); *Wallis v. Baldwin*, 70 F.3d 1074, 1075-77 (9th Cir. 1995) (exposure to asbestos with inadequate protective gear). In order to constitute an Eighth Amendment violation, an allegedly dangerous prison condition must deprive an inmate of "the minimal civilized measure of life's necessities." An "objectively 'sufficiently serious'" risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency.

Electricity and devices used to conduct it are inherently dangerous, but the risk of electrical shock from equipment that provides electricity is not one that "today's society chooses not to tolerate." *See Helling v. Mc Kinney*, 509 U.S. 25, 35-36 (1993). Indeed, today's society could not function without electricity. Having an electrical box in the kitchen where prisoners worked did not, by itself, create an "excessive risk" to the plaintiff's "health and safety" in violation of the Eighth Amendment. But McKinney

5

says the electrical box was "faulty" and constituted a "dangerous condition," and for the purposes of this memorandum, the court must accept this allegation as true.

Under the subjective test, McKinney must allege the defendants were deliberately indifferent to a serious risk of substantial harm. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is a very high standard.

McKinney alleges that "the defendants were negligent in allowing an inmate/trustee to work on a high voltage breaker box rather than contracting a professional to repair same." (Complaint at ¶ 17). But the complaint does not support an inference that an employee of the defendants ordered McKinney to do something requiring specialized knowledge or experience, so his lack of experience does not tend to show the kitchen supervisor was deliberately indifferent to the risk of shock by resetting the electrical breaker. Apparently, to reset the electrical breaker, all McKinney was required to do was flip a switch to reset the breaker because he states that as soon as he touched the switch he was severely electrocuted and thrown to the floor.

Giving McKinney the benefit of the inferences to which he is entitled, the jail kitchen's circuit breaker box was faulty, the sheriff and his employees were aware of the problem, and an unnamed jail employee ordered McKinney to reset the breaker. But to sue the sheriff and the sheriff's department for damages in a § 1983 claim, the sheriff himself must have been involved, and McKinney does not allege that Sheriff Archey had any personal involvement in this incident. He alleges only that the kitchen supervisor ordered him to reset the circuit breaker.

McKinney relies upon the responsibility imposed upon the sheriff by virtue of his position, using the doctrine of *respondeat superior* to hold Sheriff Archey and the Grant County sheriff's department liable for the kitchen supervisor's actions. The doctrine of *respondeat superior* may be used in a state negligence action, which is the basis of McKinney's state law claim, to hold a supervising official or the municipality liable for the negligence of its employees. But § 1983 creates a cause of action for

7

damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971).

Supervisory liability will be found only if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). McKinney does not allege, and based on this complaint it would not be reasonable to infer, that Sheriff Archey had any personal knowledge of his subordinate's instructions to McKinney or that he facilitated, approved or condoned the kitchen supervisor's action or turned a blind eye to it.

McKinney asserts that after he was injured, he was "not immediately rendered medical attention but hours later was taken by employees of the Grant County Jail, to the Marion General Hospital where he was diagnosed with complications of the

heart[.]" (Complaint at ¶ 11). In ¶ 21 of his complaint he alleges that his prescription for this problem was "negligently administered" by unnamed jail employees.

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 13697th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373.

McKinney alleges that after he was injured, jail employees did not render medical attention. The complaint does not allege that Sheriff Archey was aware that McKinney had been injured or that he needed medical attention, but being thrown to the floor by an electrical shock is a serious incident that even a lay person would easily recognize as requiring a doctor's attention. Giving McKinney the benefit of the inferences to which he is entitled, he might state a valid § 1983 claim against the individual employees who may have delayed his examination and treatment, but he does not have a valid § 1983 claim against those employees' supervisor or employee or the municipal employer. *Chavez v. Illinois State Police* , 251 F.3d at 651.

9

Finally, McKinney alleges that unnamed jail employees were negligent in administering medication prescribed to deal with his condition (Complaint at ¶ 21), but he has not suggested the personal knowledge or involvement of Sheriff Archey in his post-injury medical treatment. Accordingly, he may not bring this claim against the sheriff or the municipality. *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981) (Prison Warden presumed to be not personally involved in the day-to-day operation of a prison hospital such that he would be involved in, or have knowledge of, the kinds of decisions that led to the delay of a prisoner's treatment).

Section 1983 protects only rights guaranteed by federal law, and does not create tort claims for which there are adequate remedies under state law. McKinney has no federal law claim against the defendants named in this complaint arising from any injury he sustained as a result of being severely shocked by a faulty electrical box, but that does not mean he may not pursue a tort claim in state court. Accordingly, this court will remand this complaint to state court to review the plaintiff's state law claims against the defendants.

For the foregoing reasons, the court **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b), all claims that the defendants violated the plaintiff's federally protected rights, and **REMANDS** the complaint to Grant Circuit Court for consideration of the plaintiff's state law claims.

**SO ORDERED.**

August 18, 2008

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT